**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

───────────────────────────────────────────────

**UNITED STATES OF AMERICA,**

                    **Plaintiff,**

    vs.                                                **1:12-CV-0783
                                                           (MAD/RFT)**

**KEVIN TOOTE,**

                    **Defendant.**

───────────────────────────────────────────────

**APPEARANCES:**                                        **OF COUNSEL:**

**MEGGESTO, CROSSETT & VALERINO, LLP**    **GARY J. VALERINO, ESQ.**
313 East Willow Street
Suite 201
Syracuse, New York 13203
Attorneys for Plaintiff

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

On June 11, 2012, Plaintiff United States of America ("Plaintiff") commenced this action alleging that Defendant defaulted on a promissory note. *See* Dkt. No. 6. On May 7, 2012, Plaintiff moved for an entry of default, which was entered by the Clerk of the Court on September 24, 2012. *See* Dkt. Nos. 1, 6, 6-1.

Currently before the Court is Plaintiff's motion for entry of a default judgment against Defendant pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. *See* Dkt. No. 6-1.

**II. DISCUSSION**

**A.    Standard of Review**

"Generally, 'Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant." *United States v. Simmons*, No. 5:10-CV-1272, 2012 WL 685498, *2 (N.D.N.Y. Mar. 2, 2012) (quoting *Roberston*

*v. Doe*, No. 05-CV-7046, 2008 WL 2519894, *3 (S.D.N.Y. June 19, 2008)). "First, under Rule 55(a), when a party fails to 'plead or otherwise defend . . . the clerk must enter the party's default.'" *Id.* (quotation omitted); *see also* Fed. R. Civ. P. 55(a). "Second, pursuant to Rule 55(b)(2), the party seeking default is required to present its application for entry of judgment to the court." *Id.* (quotation omitted). "Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment." *Id.* (quotation omitted); *see also* Fed. R. Civ. P. 55(b)(2).

"When a default is entered, the defendant is deemed to have admitted all of the well-plead factual allegations in the complaint pertaining to liability." *Bravado Int'l Grp. Merchandising Servs., Inc. v. Ninna, Inc.*, 655 F. Supp. 2d 177, 188 (E.D.N.Y. 2009) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). "While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computations." *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974) (citations omitted); *see also Bravado Int'l*, 655 F. Supp. 2d at 189 (citation omitted). "[E]ven upon default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought." *Roberston v. Doe*, No. 05-CV-7046, 2008 WL 2519894, *3 (S.D.N.Y. June 19, 2008). "The burden is on the plaintiff to establish its entitlement to recovery." *Bravado Int'l*, 655 F. Supp. 2d at 189 (citation omitted). "While 'the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing.'" *Id.* at 190 (quotation omitted).

**B.     Application**

In the present matter, Plaintiff has established through its complaint and attached exhibits that it is entitled to judgment in its favor. The complaint and summons were properly served on June 11, 2012, *see* Dkt. No. 6, 6-1, and Defendant has failed to answer the complaint or otherwise appear in this matter. Moreover, Plaintiff has complied with the requirements set forth in Local Rule 55.2(b) to the extent required for the Court to grant Plaintiff's motion as to liability.[1] As such, Defendant has defaulted within the meaning of Rule 55(b)(2) of the Federal Rules of Civil Procedure and the following factual allegations are deemed true for purposes of establishing liability. *See United States v. Beam*, No. 6:12-CV-0087, 2012 WL 1802316, *2 (N.D.N.Y. May 17, 2012) (holding that by failing to answer the plaintiff's complaint or respond to this motion, the defendant "has effectively conceded" that he is subject to the terms of the promissory note, and is liable for the money owed).

On or about August 25, 1980 and December 4, 1980, Defendant executed promissory notes to secure loans of $348.00 and $347.00 from The Sawyer School. *See* Dkt. No. 1-3. The loans were made under the federally-funded Perkins Student Loan Program, authorized under Title IV-E of the Higher Education Act of 1965. *See* 20 U.S.C. § 1087aa *et seq.* (34 C.F.R. Part 674). The loans were disbursed at a 3.00 percent interest rate per annum. *See* Dkt. No. 1-3. The Sawyer School demanded payment according to the terms of the note, but Defendant defaulted on

---

[1] Local Rule 55.2 mandates that a party submitting a motion for entry of default judgment must also submit "a statement showing the principal amount due, not to exceed the amount demanded in the complaint, . . . a computation of the interest to the day of the judgment, a per diem rate of interest, and the costs and taxable disbursements claimed." LOCAL RULES N.D.N.Y. 55.2(a). Also in accordance with Local Rule 55.2, "upon Plaintiff's information and belief, the defendant is neither an infant nor an incompetent person requiring special service . . . and is not serving with the armed forces of the United States." *See* Dkt. No. 6-1 ¶ 2(b); LOCAL RULES N.D.N.Y. 55.2(a)(2).

the obligation on April 15, 1989. *See id.* After this default, The Sawyer School assigned all rights and title to the loans to the Department of Education on September 23, 1991. *See id.*

The Sawyer School credited all cancellations due and payments received; Defendant now owes Plaintiff the following as of January 24, 2011:

Principal: $695.00

Interest $402.52

Total: $1,097.52

*See id.* Moreover, according to the Certificate of Indebtedness, interest accrues on the principal at the rate of $0.06 per day. *See id.*

Plaintiff requests that the Court enter judgment for the remainder of the loan together with pre-judgment and post-judgment interest, and an award of costs. *See* Dkt. No 1 at ¶ 2.

As discussed, Plaintiff contends that Defendant remains indebted for the unpaid principal balance of the loan of $695.00. Plaintiff has supported its claim with a Certificate of Indebtedness, which was prepared, under penalty of perjury, by a loan analyst from the Department of Education. *See id.* These facts satisfy the Court that a default judgment should include the remaining loan amount of $695.00.

Pursuant to 34 C.F.R. § 682.410, Plaintiff is also entitled to the amount of interest accrued on the loan at the rate agreed to by the borrower in the promissory note. That regulation, and those under the same part, was promulgated by the Department of Education for the purpose of administering various federal student loan programs, and requires that "the guaranty agency" "charge the borrower interest on the amount owed . . . at a rate that is the greater of," among other rates, the one "established by the terms of the borrower's original promissory note." 34 C.F.R. § 682.410(b)(3)(i).

4

In the present case, Defendant agreed to an interest rate of 3.00 percent per annum. *See* Dkt. No. 1-3. Using this rate, Plaintiff has calculated that, as of January 24, 2011, prejudgment interest has continued to accrue on the loan at $0.06 per day. *See id.* As such, including today (the date of judgment **April 2, 2013**), 798 days have passed and, therefore, Defendant owes an additional $47.88 in prejudgment interest. When added to the unpaid principal and prejudgment interest already calculated, the total amount due under the promissory note through today, April 2, 2013, is $1,192.92.

Moreover, pursuant to 28 U.S.C. § 1961(a), Plaintiff is also entitled to post-judgment interest, which it has sought here. *See* Dkt. No 1 at ¶ 2. The rate of such interest, as set forth in section 1961(a), "shall be calculated from the date of entry of judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a) (internal footnote omitted).

In addition to the principal and interest on the loan, Plaintiff seeks costs and attorney's fees allowed by law. "Pursuant to 20 U.S.C. § 1091a(b)(1), the federal government is authorized to recover 'reasonable collection costs' from borrowers who default on federal student loans." *United States v. Davis*, No. 05-CV-4447, 2007 WL 2287889, *4 (E.D.N.Y. Aug. 8, 2007). "The Department of Education has interpreted such costs to include, among other things, attorney's fees." *United States v. Washington*, No. 08-CV-5083, 2009 WL 6636862, *3 (E.D.N.Y. Dec. 14, 2009). However, 34 C.F.R. § 682.202(g)(1)(i), provides that attorney's fees may be awarded only "if provided for in the borrower's promissory note." 34 C.F.R. § 682.202(g)(1)(i); *see also United States v. O'Connor*, No. 04-CV-2546, 2006 WL 1419388, *4 (E.D.N.Y. May 18, 2006). In the present case, Plaintiff has failed to include any documentation or provision from the promissory

note allowing for the collection of attorney's fees. Additionally, Plaintiff has failed to provide substantiation for other costs, including the cost for service of process. Without adequate proof of these costs, the Court denies Plaintiff's request for this remuneration.

## IV. CONCLUSION

After carefully reviewing Plaintiff's submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Plaintiff's motion for default judgment (Dkt. No. 6) is **GRANTED**; and the Court further

**ORDERS** that damages are awarded in the following amounts:

(1) unpaid principal and prejudgment interest through April 2, 2013 of $1,192.92; and

(2) post-judgment interest accruing at the statutory rates as discussed above; and the Court further

**ORDERS** that Plaintiff shall serve a copy of this Memorandum-Decision and Order on Defendant by Certified Mail, Return Receipt Requested, and file the returned receipt using the Court's electronic filing system; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Plaintiff's favor and close this case.

**IT IS SO ORDERED.**

Dated: April 2, 2013
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge